UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:21-CR-40169-02 - KES |
|  | ) |  |
| Plaintiff, | ) | Sioux Falls, South Dakota |
|  | ) | Courtroom II |
| -vs- | ) |  |
|  | ) | May 27, 2022 |
| RUSTY JAMES DRISCOLL, | ) | 10:42 a.m. |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

TRANSCRIPT OF
MOTION HEARING

BEFORE THE HONORABLE
DANETA WOLLMANN
UNITED STATES MAGISTRATE JUDGE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

APPEARANCES:

Counsel for Plaintiff:   Connie Larson
                         U.S. Attorney's Office
                         PO Box 2638
                         Sioux Falls, SD 57101-4410

Counsel for Defendant:   M. Lorena Tamayo
                         Morgan Theeler LLP
                         PO Box 1025
                         1718 North Sanborn Boulevard
                         Mitchell, SD 57301


Also Present:  Rusty James Driscoll - Defendant

(Proceedings in open court at 10:42 a.m.)

THE COURT: This is the matter of the United States of America v. Rusty James Driscoll. It's Criminal File Number 21-40169.

Counsel, would you note your appearances for the record, please.

MS. LARSON: Connie Larson appearing for Mark Hodges for the United States, Your Honor.

MS. TAMAYO: Lorena Tamayo appearing with the defendant, Rusty Driscoll, Your Honor.

THE COURT: All right. We are here on a hearing on the defendant's motion to grant Defendant limited access and -- limited and restricted access to discovery materials. That was filed at Document 82. There was also a brief or a memorandum filed in support of that at 83, as well as an affidavit, and then the government's response at 85. I have reviewed those materials. It is my understanding that Mr. Driscoll is no longer being housed at the Minnesota facility.

And so I guess, Ms. Tamayo, I'd like to know if that changes your argument in any way and if you're still requesting the relief sought.

MS. TAMAYO: Your Honor, we are still requesting the relief sought.

THE COURT: All right. Given that now you have the

ability to visit Mr. Driscoll at the Yankton County Jail where he's currently being housed, what's the basis of relief from the standing order?

MS. TAMAYO: Your Honor, my main concerns in this matter is the amount of discovery in this case. Like it was stated in the brief, we're talking about over 3,000 pages, and that's just reports. There's a lot of multimedia evidence connected to those reports as well: video, audio, interviews. There's a lot of evidence in this case. And so it's also, as far as time -- it would be very difficult for Mr. Driscoll to be able to review all the evidence against him, which he has expressed to me that he wants to see every single page, every single video, everything that the government has against him in this matter. He is potentially facing up to life in prison, so I do not blame him for taking that position of wanting to have access to his discovery, Your Honor. Under standing order, he would have to be limited to, of course, my availability, when I'm able to come, the jail restrictions as well. So it might not be possible for him to be able to do that in a time-effective manner in order for him to be able to identify if there's any issues with the discovery, if there was any violations, if there's anything that's inaccurate. There's a lot of things that I cannot tell from the discovery that he might be able to identify because he's the

one involved in this matter. And that's why it's so essential for individuals to have access to their own discovery and be able to review it. Again, I was not the person involved in the allegations, so he might be able to point certain things that I might not be able to identify. So he wants to be able to review this discovery. I understand that now he's in Sioux Falls, and we do appreciate that because it's going to be a lot easier for me to meet with him on a more frequent manner; but, again, he still wants to be able to have access to this information.

We understand that there's certain restrictions, and we understand the reasoning for that. What we're asking, again -- we are asking the Court's permission in a way that those safety concerns can be addressed as well. Most of the name-sensitive information is already redacted, Your Honor, in most of the discovery. If there's anything that hasn't been redacted, I'm willing to go with the State and redact any additional information that needs to be redacted, Your Honor, before sending anything to my client. I'm willing to work with the jail to find out exactly what they're willing to do or not do.

In the prior facility, they were able to facilitate a room for him where he would be able to review it himself, and he would have never kept custody of the flash drive with the information. I haven't had a chance to discuss what

possibilities we have here in Minnehaha County; but it looks to me that, under Standing Order 19-03, the main concerns are not my client reviewing the discovery, per se; it's just making sure that he is supervised when he does that -- that there's somebody present there with him and that, of course, he's not provided copies of the discovery. And there might be ways that we can accommodate that to be the case but still allowing him to have better access to these materials than just being subjected to my schedule, my times, and all of that, Your Honor. So that's the basis for our motion.

My client has expressed to me that he would like to address the Court as well if you would allow him to.

THE COURT: No. We're just taking argument from counsel.

Ms. Tamayo, certainly defendants are absolutely entitled to their discovery materials, and nothing is denying Mr. Driscoll of that right. He's entitled to see that. But our standing order, which has been, of course, challenged many, many times by a lot of defendants because, one, they want to physically take their discovery with them and study it -- and I understand that you are agreeing to some limitations; but essentially that burden -- you're asking it to be put on jail staff or the marshals or somebody other than yourself. And my question to you is -- because I'm certainly not aware -- are you aware of any case

in the District of South Dakota where relief has been granted -- or even the Eighth Circuit because this issue has been appealed to the Eighth Circuit before -- where this has been called into question or otherwise -- anybody has gotten relief from Standing Order 19-03?

MS. TAMAYO: Your Honor, in my brief towards the last paragraph, we cited a couple cases -- not from South Dakota -- but where similar reliefs were granted. It's not exactly what we're asking for. But in *United States v. Missouri* in 2003, they allowed a defendant to have access to discovery on a website hosted by the federal public defender system. So, again, a little different -- different circumstances, but he was accessed -- able to access his discovery on a website.

And there's another case, of course, that we cited where the State didn't have an objection, and they were able to provide him the discovery because the policies at the county jail allow it to. Again, in that case it's a little different, I know, than here we have an objection; but it's not necessarily completely unprecedented that certain methods have been implemented in the past.

THE COURT: All right. Thank you.

What's the government's position, Ms. Larson?

MS. LARSON: Your Honor, our position has not changed from our reply. In addition, with the move to South

Dakota, I think the argument for defense is weakened further. We didn't think the argument should carry the day anyway, but it's further been weakened by his presence -- the defendant's presence here. We do think that overcomes all of the arguments.

And, again, as you'll note in our brief, we are providing discovery that we wouldn't necessarily be required to provide in an effort to make sure Defendant and defense counsel have access to everything. But in a case like this, especially, but in all cases because of the standing order, we would oppose the defendant having access to these items without supervision by counsel.

THE COURT: Thank you.

Well, the ruling of the Court will be this. The Court is going to enter an order denying the motion to allow the defendant to have discovery in the manner -- or relief from the standing order. The District of South Dakota has addressed this issue many times before and found that the Standing Order 19-03 is constitutional, that there's good reason for it, and that there's available options to ensure that the defendants have access to their discovery material in a meaningful manner so that their due process rights are not violated. There's numerous cases that have been -- this has been raised, and consistently the courts have denied such relief.

Now, Ms. Tamayo, I understand that you're in Mitchell, and that does present some additional challenges. Here in the Western Division, we have people who are housed down in Colorado, and it's also a five-hour round-trip. Now, there's other means that are available to indigent defendants by way of hiring of investigators. I've approved paralegals to spend time with defendants so they have that access to the discovery materials. And so there's ways that wouldn't require you to be in attendance, if you so chose to pursue those options for your client. But there is no good cause for your motion; and, accordingly, I'm going to enter an oral order denying it.

All right. Is there any additional record either party wishes to make at this time?

MS. LARSON:  No, Your Honor.

MS. TAMAYO:  No, Your Honor.

THE COURT:  We'll be adjourned.

(Proceedings concluded at 10:52 a.m.)

UNITED STATES DISTRICT COURT)
DISTRICT OF SOUTH DAKOTA    : SS    CERTIFICATE OF REPORTER
SOUTHERN DIVISION          )

    I, Carla Dedula, Official United States District Court Reporter, Registered Professional Reporter, Certified Realtime Reporter, and Notary Public, hereby certify that the above and foregoing transcript is the true, full, and complete transcript of the above-entitled case, consisting of pages 1 - 8.

    I further certify that I am not a relative or employee or attorney or counsel of any of the parties hereto, nor a relative or employee of such attorney or counsel, nor do I have any interest in the outcome or events of the action.

    IN TESTIMONY WHEREOF, I have hereto set my hand this 21st day of March, 2023.

_____
CARLA DEDULA RPR, CRR, CRC
400 S. Phillips Avenue
Sioux Falls, SD 57104
Phone: (605) 330-6669
Email:  carla_dedula@sdd.uscourts.gov
My Commission Expires:  May 24, 2026