UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

RUSTY JAMES DRISCOLL and
SHAUNNA MARIE GROSS,

Defendant.

CR 21-40169

NOTICE PURSUANT TO FEDERAL
RULE OF EVIDENCE 404(b)

Pursuant to Federal Rule of Evidence 404(b), the United States provides the Defendant and the Court with notice in advance of trail of evidence it intends to offer regarding prior acts of the Defendant Rusty James Driscoll. At trial, in its case in chief or in rebuttal, the United States intends to offer evidence regarding the defendant's prior conviction for possession of a controlled substance.

A. Evidence of prior conduct.

The Government intends to offer a certified copy of a judgment of conviction for Mr. Driscoll's conviction for possession of a dangerous substance. Mr. Driscoll was convicted of this crime after a jury trial at the end of January 2014. Driscoll was sentenced on this charge on March 3, 2014.

B. Legal analysis.

Rule 404(b) of the Federal Rules of Evidence permits the admission of evidence of other crimes or similar acts of the defendant if the evidence is relevant to establish motive, opportunity, intent, preparation, plan, knowledge,

identity, absence of mistake, or lack of accident. This evidence is admissible if it: (1) is relevant to a material issue, (2) is similar in kind and close in time to the charged crime, (3) is proven by a preponderance of the evidence, and (4) does not have a prejudicial effect that substantially outweighs its probative value. *United States v. Ali*, 616 F.3d 745, 752-53, *citing United States v. Turner*, 583 F.3d 1062, 1065-66 (8th Cir. 2009). The Eighth Circuit Court of Appeals has held on a number of occasions that Rule 404(b) is a rule of inclusion, and the district court has broad discretion to admit Rule 404(b) evidence. *United States v. Cotton*, 823 F.3d 430, 434 (8th Cir. 2016). The district court does not abuse that discretion unless the evidence clearly has no bearing on any other issue involved and was introduced only to prove the defendant's propensity to commit criminal acts. *United States v. Buckner*, 868 F.3d 684, 687 (8th Cir. 2017).

"[P]rior convictions are relevant to the material issue of [a defendant's] state of mind." *United States v.* Davis, 867 F.3d 1021, 1029 (8th Cir. 2017) (quoting *United States v. Horton*, 756 F.3d 569, 579 (8th Cir. 2014). "When a defendant raises the issue of mental state . . . by means of a general denial that forces the government to prove every element of its case, prior bad acts evidence is admissible because mental state is a material issue.'" *United States v. Jackson*, 856 F.3d 1187 (8th Cir. 2017), *quoting United States v. Thomas*, 58 F.3d 1318, 1322 (8th Cir. 1995). "[E]vidence of prior possession of drugs, even in an amount consistent only with personal use, is admissible to show such things as knowledge and intent of a defendant charged with a crime in which intent to distribute drugs is an element." *United States v. Jackson*, 278 F.3d 769, 771 (8th

[2]

Cir. 2002) (quoting United States v. Logan, 121 F.3d 1172, 1178 (8th Cir.1997)). Therefore, prior drug convictions, even for simple possession, are material and relevant to prove both knowledge of drugs and intent to commit drug offenses. *United States v. Davis*, 867 F.3d 1021, 1029 (quoting *United States v. Ruiz–Estrada*, 312 F.3d 398, 403 (8th Cir. 2002).

In the instant case, the Defendant is charged by Indictment with conspiracy to distribute methamphetamine. The Government's evidence at trial will show that the defendant was involved in a conspiracy that spanned at least three states and that Driscoll coordinated shipments of methamphetamine to co-conspirators in South Dakota and Louisiana.

The Government asserts that the evidence of the prior conviction for possession of dangerous drugs would be admissible under multiple prongs of Rule 404(b) to show absence of mistake, lack of accident, and most importantly intent and knowledge. The Eighth Circuit Court of Appeals has repeatedly held that Rule 404(b) evidence is admissible in a drug case where a Defendant makes a general denial to his charges, thus placing his knowledge and intent at issue. *See United States v. Ellis*, 817 F.3d 570, 579-80 (8th Cir. 2016) (citing *United States v. Thomas*, 58 F.3d 1318, 1321 (8th Cir. 1995); *United States v. Gipson*, 446 F.3d 828, 831 (8th Cir. 2006).

The conviction is similar in kind and is not too remote. Driscoll is charged in the present case with conspiracy to distribute methamphetamine. His prior conviction is for possession of dangerous drug – methamphetamine. Additionally, although the conviction is from conduct that occurred in 2012,

Driscoll was incarcerated until June of 2021. "To determine if evidence is too remote, the court applies a reasonableness standard and examines the facts and circumstances of each case." *Ibid.* (citing *United States v. Strong*, 415 F.3d 902, 905 (8th Cir. 2005)). This Court "has been reluctant to uphold the introduction of evidence relating to acts or crimes which occurred more than thirteen years prior to the conduct challenged." Ibid. (citing Strong, 415 F.3d at 905). However, "the 13-year rule does not apply where the defendant spent part of that time in prison." Ibid. (citing *United States v. Halk*, 634 F.3d 482, 488-89 (8th Cir. 2011)). Driscoll's lengthy incarceration on the prior conviction overrides any concern that it is too remote in time.

As to the balancing inquiry under Rule 403, the United States submits that the probative value of the evidence sought to be admitted, as outlined above, outweighs any danger of unfair prejudice. Additionally, any risk of unfair prejudice from the evidence could be mitigated if the court gave a limiting instruction to the jury about the permissible use of the evidence.

As such, the Government requests that it be allowed to present evidence of the Defendant Driscoll's prior conviction for possession of a controlled substance.

[4]

Dated this 18th day of July 2023.

<div style="margin-left: 45%;">

ALISON J. RAMSDELL
United States Attorney


/s/ Mark Hodges
Mark Hodges
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone: (605)357-2346
Facsimile: (605)330-4410
E-Mail: mark.hodges@usdoj.gov

</div>